UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
THE HANOVER INSURANCE COMPANY and
CITIZENS INSURANCE COMPANY OF
AMERICA,

          Plaintiffs,

   - against -

AVALON RISK LLC,

          Defendant/
          Counterclaimant,

   -against-

THE HANOVER INSURANCE COMPANY, and
CITIZENS INSURANCE COMPANY OF
AMERICA,

          Counterclaim
          Defendants.
------------------------------------X

**MEMORANDUM AND ORDER**

15 Civ. 7590 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Defendant/counterclaim plaintiff Avalon Risk, LLC ("Avalon") moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) based on the purported failure of plaintiffs/counterclaim defendants Hanover Insurance Company ("Hanover") and Citizens Insurance Company of America ("Citizens") (together, the "Sureties") to file an Affidavit of Merit ("AOM") in accordance with N.J. Stat. Ann. § 2A:53A-27 ("AOM Statute"). For the reasons set forth below, this motion is denied.

1

I. **Background**

We assume the parties' familiarity with the underlying facts and procedural history of this case, and recite only those facts necessary for resolving the present motion. Hanover is a New Hampshire corporation, and Citizens is a Michigan corporation. Compl. ¶¶ 4-5, ECF No. 2. The Sureties both have their principal place of business in Worcester, Massachusetts. Id. Defendant Avalon is a New Jersey limited liability company with its principal place of business in Cedar Knolls, New Jersey. Id. ¶ 7. The Sureties were authorized to transact the business of insurance and to issue surety bonds in New York State, and Avalon has been licensed in New York State as a Property and Casualty Insurance Agent and Property and Casualty Broker. Id. ¶¶ 6, 10.

In 2008, the Sureties entered into an agency agreement with Avalon whereby Avalon would serve as the Sureties' agent to negotiate, service, and otherwise effect surety bonds in New Jersey, New York, Connecticut, Rhode Island, and Colorado. Id. ¶¶ 14, 16-17. In 2010, the Sureties and Avalon entered into a similar agreement where Avalon would provide agency services for the "Emerging Contractor Program," which involved surety bonds on behalf of minority-owned, women-owned, and disadvantaged business enterprises. Id. ¶ 19. The Sureties allegedly experienced millions of dollars of losses on claims on some of the Avalon-issued bonds, and contend that Avalon issued these bonds in

violation of the limits placed on Avalon in the agreements. Id. ¶¶ 34-35, 40.

On September 28, 2015, the Sureties filed suit against Avalon, asserting claims for breach of contract, negligence, and breach of fiduciary duty. Compl., Sept. 28, 2015, ECF No. 2. Avalon filed an answer, counterclaims, and a third-party complaint on November 23, 2015. ECF Nos. 10-11. The Sureties moved to dismiss certain of Avalon's counterclaims and their third-party complaint, which we granted in full on March 20, 2017. ECF No. 119. The parties subsequently began discovery, and were originally scheduled to have completed all depositions and fact discovery by March 2, 2018. ECF No. 154.

On March 7, 2018, Avalon first raised the argument that this case should be dismissed on the basis of the AOM statute. ECF No. 155. The Court granted Avalon leave to make this motion, but denied its request to stay discovery pending resolution of the motion. ECF No. 158. The parties have since exchanged expert discovery and taken expert depositions. See ECF No. 174.

## II. Discussion

On a motion for judgment on the pleadings, we accept all factual allegations as true and draw all reasonable inferences in the plaintiff's favor. Jaffer v. Hirji, 887 F.3d 111, 114 (2d Cir. 2018). "To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter to 'state a claim to relief that

3

is plausible on its face.'" Graziano v. Pataki, 689 F.3d 110, 114 (2d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The AOM Statute requires a plaintiff alleging a malpractice claim to serve on the defendant, within 120 days of the filing of the answer to the complaint, an expert's sworn statement attesting that there exists a "reasonable probability" that the professional's conduct fell below acceptable standards. N.J. Stat. Ann. § 2A:53A-27. Failure to comply with the statute is considered a failure to state a claim. See Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144, 150 (N.J. 2003). "The statute is substantive state law that federal courts sitting in diversity must apply when adjudicating claims governed by New Jersey law." Cobalt Multifamily Investors I, LLC v. Shapiro, 857 F. Supp. 2d 419, 435 (S.D.N.Y. 2012) (citing Snyder v. Pascack Valley Hosp., 303 F.3d 271, 273 (3d Cir. 2002)).

The purpose of the statute is to "flush out insubstantial and meritless claims that have created a burden on innocent litigants." Ferreira, 178 N.J. at 154. Importantly here, the objective is "to curtail insubstantial claims . . . before significant litigation time and expense are incurred." A.T. v. Cohen, 231 N.J. 337, 348 (2017) (emphasis added). "The statute was not intended to encourage gamesmanship or a slavish adherence to form over substance." Ferreira, 178 N.J. at 154.

4

While the affidavit of merit statute does not specify a time frame in which a defendant must file a motion to dismiss, the New Jersey Supreme Court has stated that "defendants must act timely too; they cannot sleep on their rights." Knorr v. Smeal, 178 N.J. 169, 181 (2003). Where defendants fail to do so, courts may employ the doctrine of equitable estoppel, which "is founded on fundamental principles of justice and fair dealing," Knorr, 178 N.J. at 180, and requires a showing that Avalon "engaged in conduct, either intentionally or under circumstances that induced reliance, and that the opposing party acted or changed its position to its detriment." Cobalt, 857 F. Supp. 2d at 436 (citing Knorr, 178 N.J. at 178).

This doctrine is properly applied where a party waits to invoke the AOM Statute after the litigation has been pending for an extended length of time and the parties have engaged in significant discovery. See Knorr, 178 N.J. at 175-80 (motion filed 14 months after defendants filed their answer and parties had engaged in extensive discovery); Bruen v. Morristown Mem'l Hosp., Docket No. L-99-06, 2009 WL 1650297 (N.J. Super. Ct. App. Div. June 15, 2009) (motion filed when "discovery was virtually complete"); Mottola v. City of Union City, No. 05 Civ. 3964 (DMC),

2008 WL 755977 (D.N.J. Mar. 19, 2008) (motion filed 20 months after defendant filed its answer and parties had engaged in discovery).[1]

Here, the Sureties filed their complaint on September 28, 2015, and Avalon first raised the affidavit of merit issue in a letter to the Court nearly two and a half years later, on March 7, 2018. See Letter Mot., Mar. 7, 2018, ECF No. 155. Avalon submitted an answer on November 23, 2015 and an amended answer on July 10, 2017 without ever raising the affidavit of merit issue. ECF Nos. 10, 137. Further, the parties have undertaken significant discovery, including document discovery, depositions, disclosure of experts and expert reports, and expert depositions. See, e.g., Memo Endorsement, Dec. 20, 2017, ECF No. 154; Memo Endorsement, May 31, 2018, ECF No. 175. This motion is therefore denied on the basis of equitable estoppel because Avalon failed to bring this motion in a timely fashion and the Sureties have already had to endure the time and expense of discovery. See Knorr, 178 N.J. at 180.

Because we resolve this motion on equitable estoppel grounds, we need not reach the Sureties' primary argument that their contract claims do not require an AOM and their tort claims are not governed by New Jersey law. However, our decision should not be interpreted to suggest that Avalon's motion might have been

---

[1] Avalon does not attempt to distinguish these cases cited by the Sureties, nor does it cite any contradictory cases (or any case law at all) in opposing the Sureties' estoppel argument.

meritorious had it been filed at the appropriate time. To the contrary, the Court is extremely skeptical that the Sureties' contract claim could be characterized as "resulting from an alleged act of malpractice or negligence," N.J. Stat. Ann. § 2A:53A-27, or that plaintiffs' injuries occurred in New Jersey for the purposes of a choice of law analysis for their tort claims, see, e.g., Global Fin. Corp. v. Triarc Corp., 93 N.Y.2d 525, 529 (1999) ("When an alleged injury is purely economic, the place of injury usually is where the plaintiff resides and sustains the economic impact of the loss.").

In sum, Avalon's invoking the AOM Statute at this stage of the litigation is anathema to the purpose of the Statute. The motion is therefore denied.

**SO ORDERED.**

Dated:   New York, New York
         July 10, 2018

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

7